## THE PEOPLE OF THE STATE OF NEW YORK ᴇx ʀᴇʟ. EDWARD McKENZIE, Rᴇsᴘᴏɴᴅᴇɴᴛ, *v.* THE BOARD OF SUPERVISORS OF ULSTER COUNTY, Aᴘᴘᴇʟʟᴀɴᴛ.

*Division of a town — collection of debts owing by it — apportionment of them —*
1 R. S., 338, 339, *secs.* 4–11.

Where a town against which a judgment has been recovered is thereafter divided into two or more towns, the board of supervisors cannot be compelled by *mandamus* to levy the amount of the judgment upon the land left in the town against which the judgment was recovered, and that portion of the land (formerly in the old town) which was transferred to another town.

No towns (certainly none except the town against which the judgment was recovered) can be charged therewith until the debt has been apportioned among them as provided in article 2, chapter 11 of part 1 of the Revised Statutes.

The statute contemplates that the apportionment shall be between the towns, and does not intend that an apportionment shall be made upon only the property within the territorial limits of the altered or divided town.

Aᴘᴘᴇᴀʟ from an order made at a Special Term granting a peremptory writ of *mandamus* to the defendant, commanding it to levy the amount of a certain judgment of the relator recovered April 15, 1879, against the town of Kingston, upon the towns of Ulster and Kingston, and so much of the town of Woodstock as in

April, 1879, formed part of the town of Kingston upon the assessed valuation of 1882.

*Howard Chipp, Jr.*, and *John J. Linson*, for the appellant.

*J. Newton Fiero*, for the relator, respondent.

LEARNED, P. J.:

This case is similar to that of Humphrey,* relator, only in this case there had been no injunction against the board. The same peculiarity (not referred to by counsel) appears, that is, that the transcript of the judgment states that it is canceled of record. But we pass that, as it may be an error.

The judgment of fifty-two dollars and ninety-five cents was recovered against the town of Kingston, February 20, 1879. On the 28th of November, 1879, the board of supervisors, in pursuance of chapter 319, Laws 1872, from a portion of the town of Kingston formed a new town which they called Ulster. Another portion of Kingston was annexed to Woodstock. And the remainder was to be a separate town under the name of Kingston. Their action was ratified by chapter 407, Laws 1880.

The Special Term in its order endeavored to enforce the collection of this judgment on that property which was within the territorial limits of Kingston before the division, according to the assessed valuation.

The authority for the action of the board of supervisors is found in 2 Revised Statutes, m. p. 474, §§ 102 and *seq.*; chap. 554, Laws 1880. These provisions require the board to levy a judgment upon the town against which it has been recovered. We are referred to no authority in this State giving a discretionary power in the board to levy such a judgment upon such parts of a town as they think ought equitably to pay it. And, of course, unless the board had the authority to do this without the *mandamus*, the court can give the board no new power by the *mandamus*. The authority in regard to debts, in the case of a division of towns, is given by 1 Revised Statutes, m. p. 339, § 10. The supervisors and overseers of the poor of the respective towns appear to be clothed with the necessary powers. (See preceding secs. 6 and 7.) A different provision as to bonds

* *Ante*, page 146.

issued for the construction of a railroad is made by chapter 336, Laws 1880.

It would then seem to follow either that the old town remained liable for the debt (*People* v. *Morrell*, 21 Wend., 563), or that the debt must be apportioned as provided by the statute above cited. For, otherwise, there has been no adjudication, on this claim of the relator, as against the town of Ulster and the town of Woodstock.

It will be further seen that the rule of apportionment prescribed by the statute is "according to the amount of taxable property in the town divided or altered, as the same existed immediately before subdivision or alteration, to be ascertained by the last assessment list of the town." Now, as this action of the supervisor and overseers is to be had as soon as may be after the first town meetings, it is evident that by the last assessment list is meant the last list before the division. The division of this town of Kingston was in 1880. We do not see, therefore, how the assessment-rolls of 1882 could be considered.

And we may notice, also, that this statute seems to indicate an apportionment between the towns, and not an apportionment upon only the property within the territorial limits of the altered or divided town.

We think, then, that the debt must be legally apportioned, as prescribed by statute before any town other than Kingston can be charged ; perhaps even before Kingston can now be charged. For section 10 provides that each town shall thereafter be charged with its share of such debts according to such apportionment. It seems, therefore, to us that this apportionment ought to be made ; and that it is not reasonable to enforce the debt against that part of the divided town which retains the old name.. The legislature evidently did not intend that this should be done, but intended that, after the division, each should be liable for its proper share, to be ascertained as in that statute provided.

The order should be reversed, with costs, and motion denied, with fifty dollars costs and disbursements against relator.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Order reversed, with costs, and motion denied, with fifty dollars costs and disbursements.